906 So.2d 509 (2005)
John K. PRESSWOOD
v.
Earl Wayne SPILLMAN.
No. 2004 CA 0145.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
Writ Denied May 6, 2005.
*510 Michael O. Hesse, St. Francisville, Counsel for Appellees/Plaintiffs John Presswood and Helen Presswood.
Robert O. Butler, Jr., St. Francisville, Counsel for Appellants/Defendants Susie T. Spillman and Thomas Earl Spillman, Trustee Of the Earl Wayne Spillman Testamentary.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
Defendants appeal a trial court judgment rejecting their claim of thirty years acquisitive prescription and establishing the boundary between their property and that of plaintiff according to their respective titles. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff and defendants are owners of adjacent tracts of land in West Feliciana Parish. On February 19, 1993, John K. Presswood filed a Petition to be Restored to Possession against Earl Wayne Spillman alleging that defendant leased a certain portion of property owned by plaintiff to a hunting club and that as a result, Mr. Presswood was disturbed in his possession of the property by defendant.[1] An amending and supplemental petition was filed on March 17, 1997, clarifying the property description in that, since the filing of the original petition, the property originally identified as Lot 26 had been subdivided into two lots, Lots 26A and 26B, and that the dispute in this matter involved lot 26A only. Defendant answered the petition on April 18, 1997, alleging corporeal physical possession of the disputed property since 1964.
By joint stipulation dated October 6, 1999, the parties converted the possessory action to a boundary action "according to *511 the rules and laws governing boundary actions based upon the respective titles of each party."
Trial was held on August 19, 2003, and the matter taken under advisement. Reasons for judgment were issued on September 19, 2003, and judgment rendered on September 26, 2003, establishing the boundary between the adjacent tracts and recognizing Mr. Presswood's ownership of the disputed property. Defendants appealed asserting that the trial court erred in failing to find that the defendants acquired the property by acquisitive prescription.

APPLICABLE LAW
In a boundary action, the court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession. LSA-C.C. art. 792. Additionally, LSA-C.C.P. art. 3693 provides that after considering the evidence, including the testimony and exhibits of a surveyor or other expert appointed by the court or by a party, the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties.
Ownership of immovable property may be acquired by the prescription of thirty years without the need of just title or possession in good faith. LSA-C.C. art. 3486. Ownership of immovable property under record title may be eclipsed and superseded by ownership acquired under prescriptive title. Under the general codal provisions on acquisitive prescription, a possessor lacking good faith or just title may acquire prescriptive title to land by corporeally possessing a tract for thirty years with the intent to possess as owner. Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public, and unequivocal, and confers title only to such immovable property as is actually corporeally possessed. See LSA-C.C. arts. 3424, 3426, 3476, 3486, and 3487. Actual possession must be either inch-by-inch possession or possession within enclosures. According to well-settled Louisiana jurisprudence, an enclosure is any natural or artificial boundary. LSA-C.C. art. 3426, comment (d). The party who does not hold title to the disputed tract has the burden of proving actual possession within enclosures sufficient to establish the limits of possession with certainty, by either natural or artificial marks, giving notice to the world of the extent of possession exercised. Secret Cove, L.L.C. v. Thomas, 02-2498, pp. 4-5 (La.App. 1 Cir. 11/7/03) 862 So.2d 1010, 1015, writ denied, 04-0447 (La.4/2/04), 869 So.2d 889.
Whether a party has possessed property for purposes of thirty-year acquisitive prescription is a factual determination by the trial court which will not be disturbed on appeal unless it is clearly wrong. Additionally, boundary location is a question of fact, and the determination of its location by the trial court should not be reversed absent manifest error. Secret Cove, 02-2498 at p. 6, 862 So.2d at 1016.

DISCUSSION
The Spillmans contend that a portion of Lot 26A has been under fence and adversely possessed by them, as well as their ancestors in title, for more than thirty years. The Spillmans also assert that the fence was part of the perimeter fence of their property known as Mulberry Hill Plantation. In contrast, Mr. Presswood contends that the fence, or remnants thereof, was insufficient to place him on notice of a claim of adverse possession by the Spillmans.
The record establishes that John K. Presswood and Helen Overton Presswood acquired 47.14 acres located in Sections 80 *512 and 81, Township 2 South, Range 3 West in West Feliciana Parish from Ronald L. Smith in 1978. The tract was identified as Lot 26 of Tract 3-A of Island Plantation. Earl Wayne Spillman and his brother, John Davis Spillman, acquired Mulberry Hill Plantation in 1964. Subsequently, Earl Wayne Spillman acquired his brother's interest in the property by act of partition in 1974. It is undisputed that the Spillmans' title does not include the area in dispute, located in Section 81. However, the Spillmans claim the property up to the fence line by acquisitive prescription of thirty years, contending that because their ancestors in title possessed to the fence, they are entitled to tack onto that possession.
The property in dispute is hilly, wooded terrain. At the time of the Presswoods' purchase, there existed the remnants of an old fence in Lot 26A. The fence was apparently restored in 1992 by a fence crew for the Spilllmans checking the perimeter fence after Hurricane Andrew. Mr. Presswood testified that until 1992 the fence was a "non-entity" as it was not a fence but only parts of an old fence.
Carl Mistric, an expert land surveyor, testified that the map he prepared and attached to the Presswoods' act of sale was correctly drawn according to the legal title of the parties. He additionally testified that he walked some of the property at that time and saw no evidence of adverse possession. On the other hand, Tobias Ford, the Spillmans' expert land surveyor, thought that the fence line was clear when he did a perimeter survey for Mr. Spillman in 1989. He admitted, however, that he saw no evidence of possession on either side of the fence line. Thomas Spillman also testified that the fence in question was the only perimeter fence he knew of.
The trial court gave thorough and extensive written reasons for judgment denying the Spillmans' claim for acquisitive prescription to the fence in question. The trial court determined that prior to 1992 the fence was no more than wire on the ground and protruding from trees and did not constitute a visible boundary as required by LSA-C.C. art. 794.[2] The trial court further found that no maintenance was done on the fence from the time the Presswoods purchased the property in 1978 until 1992, at which time Mr. Presswood took legal action. The court additionally determined that the remnants of the fence prior to 1992 were not sufficient to put Mr. Presswood on notice of a claim of adverse possession. After making the factual determination that the Spillmans failed to prove acquisitive prescription of the property up to the fence line, the trial court also determined that the Presswoods had proven ownership by title and ten years acquisitive prescription. Therefore, the trial court set the boundary according to the map prepared by Carl Mistric. After a thorough review of the instant matter, we conclude that the record supports the findings of the trial court and we find no manifest error.

CONCLUSION
Accordingly, the judgment of the trial court is affirmed at defendants' costs.
AFFIRMED.
NOTES
[1] Earl Wayne Spillman has since died, and his surviving spouse, Susie L. Spillman, and son, Thomas Earl Spillman, as Trustee for the Earl Wayne Spillman Testamentary Trust, have been substituted as the proper party defendants.
[2] LSA-C.C. art. 794 provides:

When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds.